IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEPHON JAMAR MOORE                                                                    PLAINTIFF

v.                                          3:25-cv-00021-DPM-JJV

WILLIAM CORKER
Jailer, Cross County Jail; *et al.*                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

Stephon Jamar Moore ("Plaintiff") is in custody at the Cross County Detention Center for a probation violation. (Doc. 2.)  In January 2025, he filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging excessive force had been used against him. (*Id.*)  In February 2025, I entered an Order: (1) explaining why the Complaint failed to plead a plausible claim for relief, (2) giving Plaintiff the opportunity to file an Amended Complaint curing the pleading deficiencies, (3) providing him with an Amended Complaint form; (4) advising him that only the allegations in the Amended Complaint would be considered, and (5) warning him that all or part of his claims could

1

be dismissed without prejudice if he did not properly comply with my instructions.[1]  (Doc. 3.)

In response, Plaintiff has filed an Amended Complaint, not on the provided form, which says in total:

> On Friday December 27th, 2024 at 10:02 a.m. Jailer William Corker approached cell block where I was located and demanded me to get my property & come with him. I responded I'm trying to get moved to a different cell because I don't feel safe he replied, "OK I know" so I gathered my property once in hall I began trying to explain to him he opens Isolation, ignoring my explanation continued to grabbing on me aggressively, feared for my life I then resisted, trying to consult with him to see reason for physical aggression. Arlene Clements approaches situation totally unprofessional, pointing taser threatening me & my life. I'm disabled legally mentally & physically force should never have to be used. Being in this facility completely fears me since situation happen. I would like for William Corker & Arlene Clements to be held accountable for their actions & I would like to be compensated for pain & suffering.

(Doc. 4 at 1-2.)  Because Plaintiff not specified the capacity in which he is suing Defendants, I will give him the benefit of the doubt by considering the plausibility of his excessive force claim against Defendants Corker and Clements in both their official and personal capacities.  *See S.A.A. v. Geisler*, No. 23-3119, 2025 WL 426999 (8th Cir. Feb. 7, 2025).  After careful consideration, I conclude the Amended Complaint fails to state a plausible claim for relief against Defendants in either capacity.

First, as I explained to Plaintiff in my prior Order, an official capacity claim must be treated as a suit against the county itself.  *See Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).  Because there is no vicarious liability in § 1983 actions, Cross County cannot be held liable merely because it employs the individuals

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

who may have violated Plaintiff's constitutional rights. Instead, Cross County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019). Because the Amended Complaint does not contain any such allegations, I conclude Plaintiff has not pled a plausible excessive force claim against Defendants in their official capacities.

Second, Plaintiff says he is in custody for a probation violation. Thus, his excessive force claim against Defendants in their personal capacities falls under the Eighth Amendment. *Peterson v. Heinen,* 89 F.4th 628, 634-35 (8th Cir. 2023). As explained by the Eighth Circuit, "the infliction of pain in the course of prison security measures . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Id.* at 635. Instead, the relevant question is whether used force "maliciously and sadistically to cause harm" rather than in "a good-faith effort to maintain or restore discipline." *Id.* That is a high threshold to meet. To determine whether it has, I must consider: (1) the objective need for force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the defendants; (4) any efforts by the defendants to temper the severity of the forceful response; and (5) the extent of the plaintiff's injuries. *See Id.*; *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).

Here, Plaintiff says Defendant Corker grabbed him aggressively after he continued to protest his transfer to another cell, which is something Plaintiff requested. And he claims Defendant Corker pointed, but did not deploy, a taser at him after he admittedly began to physically resist Defendant Corker. It is well settled that force may be used to regain control over a

3

recalcitrant inmate. *Peterson,* 89 F.4th at 636; *Burns v. Eaton*, 752 F.3d 1136, 1139 (8th Cir. 2014); *see also Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993) (force, including tasers, may be used "when prison security and order, or safety of other inmates or officers, has been jeopardized"). Importantly, Plaintiff does not say he suffered any physical injuries. Although that is not definitive, it suggests a *de minimis* amount of force was used which is not enough to sustain a constitutional violation. *See Wilkins v. Gaddy,* 559 U.S. 34, 38 (2010) (an "inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim"); *Jackson v. Buckman*, 756 F.3d 1060, 1069 (8th Cir. 2014) (a "karate hit" that caused on bleeding or bruising to a pretrial detainee's nose was a *de minimis* use of force); *Lawson v. Vance*, No. 02-2057, 2002 WL 1726921 (8th Cir. Jul. 26, 2002) (a slap to a prisoner's face was a *de minimis* use of force). Plaintiff's alleged mental and physical disabilities are concerning. But he has not provided any facts explaining: (1) what those disabilities are, (2) whether Defendants knew about them, (3) why the amount of force used against him was excessive in light of those disabilities, and (4) why the mental and physical disabilities did not prevent Plaintiff from questioning Defendant Corker or physically resisting him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim). In sum, the facts as pled in the Amended Complaint fall short of suggesting force was used maliciously and sadistically rather than in a good-faith effort to maintain or restore discipline. Thus, I conclude Plaintiff has also failed to plead a plausible excessive force claim against Defendants in their personal capacities.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Amended Complaint (Doc. 4) be DISMISSED without prejudice for failing to

state a claim upon which relief may be granted.

2.	The Court recommend that, in the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of March 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE